NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>$17,980.00 IN UNITED STATES CURRENCY,<br><br>        Defendant,<br><br>DONNA DICKSON,<br><br>        Claimant-Appellant. | No.   14-36052<br><br>D.C. No. 3:12-cv-01463-MA<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Submitted May 9, 2017**
Portland, Oregon

Before: BYBEE and HURWITZ, Circuit Judges, and RAKOFF,*** Senior District

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\***    The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

Judge.

After obtaining a search warrant, Oregon police officers seized $17,980 in cash from a package that a drug-sniffing dog had alerted to while it was offloaded from an airplane. Donna Dickson originally claimed a possessory interest in the seized cash in the ensuing forfeiture proceeding but, after the close of discovery, sought leave to amend her claim to assert an ownership interest. The district court denied leave to amend and granted summary judgment to the government, concluding that Dickson lacked standing to challenge the forfeiture. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court did not err in finding probable cause to institute forfeiture proceedings against the $17,980 as proceeds traceable to an exchange for controlled substances or used or intended to be used to facilitate such a transaction. *See* 21 U.S.C. § 881(a)(6). An experienced narcotics detective averred that a number of facts were consistent with drug trafficking, including a positive alert by a trained narcotics canine, suspicious packaging, and inaccurate and incomplete sender and recipient information. The government thus established more than a "mere suspicion" that the $17,980 was related to an illegal drug transaction. *See United States v. $493,850.00 in U.S. Currency*, 518 F.3d 1159, 1169 (9th Cir. 2008).

2. The district court did not err in holding that Dickson lacked standing to challenge the forfeiture. Dickson's "bare assertion of an ownership or possessory

2

interest, in the absence of some other evidence, is not enough to survive a motion for summary judgment." *See United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012).  We therefore need not consider whether the district court abused its discretion in denying Dickson's motion for leave to amend.

**AFFIRMED.**